IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00668-MSK-MJW

GERARD H. CASTILLO,

       Plaintiff,

v.

UNITED PARCEL SERVICE,

       Defendant.

---

**OPINION AND ORDER GRANTING, IN PART, MOTION
FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for

Summary Judgment **(# 54)** and the Defendants Motion for Entry of Judgment **(# 56)**. The

Plaintiff has not responded to either motion.

The Plaintiff *pro se* brings this action challenging various aspects of his former

employment with the Defendant. Construed liberally, the Complaint **(# 3)** alleges: (i) that on two

occasions between 1999 and 2004, the Plaintiff was denied a promotion to a full-time position in

favor of less-senior employees, allegedly as a result of his Hispanic national origin[1]; (ii) that the

---

[1]The Complaint refers to discrimination on the basis of "race/color." There can be
reasonable debate as to whether an employee's Hispanic heritage is best defined as being a matter
of race, color, or national origin. The Court notes that the U.S. Census Bureau considers
Hispanic origin to be a matter of ethnicity, rather than race. *See*
www.census.gov/prod/2001pubs/c2kbr01-1.pdf. For purposes of this opinion, the Court will
refer to the Plaintiff's Hispanic national origin, although this characterization in no way alters the
analysis or outcome of the issues herein.

Plaintiff was subjected to a hostile work environment, although the factual basis for this conclusory assertion is not clearly delineated; (iii) that the Plaintiff was eligible for pay at a rate set in the "old union contract," but instead was paid at a rate set forth in the "new contract"; (iv) that the Plaintiff was terminated from his employment without sufficient evidence; (v) that the Defendant defamed the Plaintiff by terminating his employment and falsifying documents to support that termination; and (vi) that the Defendant discriminated against the Plaintiff by "lying about records of employment." The Court thus understands the Plaintiff to raise the following claims: (i) discriminatory failure to promote on the basis of national origin, in violation of Title VII, 42 U.S.C. § 2000e-1 *et seq.*; (ii) hostile working environment harassment based on national origin, in violation of Title VII; (iii) breach of contract, relating to rates of pay; (iv) breach of contract, relating to a contractual agreement requiring "just cause" for termination; (iv) discriminatory termination on the basis of national origin, in violation of Title VII; and (v) defamation.[2]

The Defendant filed a Motion for Summary Judgment **(# 54)**, arguing: (i) that any timely claim by the Plaintiff for failure to promote was not administratively exhausted, and that the Plaintiff cannot show that he was qualified for an available promotion; (ii) that the Plaintiff cannot show that his termination occurred in circumstances giving rise to an inference of discrimination,

---

[2]The Defendants appear to also find a claim for sex discrimination and a claim for intentional infliction of emotional distress within the Plaintiff's Complaint. The Court notes that the Plaintiff did not check the box for discrimination based on sex in Question 9 of the form Complaint. As to the alleged claim for intentional infliction of emotional distress, the Court finds nothing in the Complaint that appears to allege conduct that would be sufficiently actionable to state such a claim. *Compare Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1349-50 (Colo. 1988) (falsely firing employee for dishonesty not sufficiently outrageous). Accordingly, the Court will not address these alleged claims.

nor that the Defendant's legitimate, nondiscriminatory reason for that termination – the Plaintiff's alleged vandalization of a company vending machine – is pretextual; (iii) that his hostile work environment claim is unexhausted, and that he fails to articulate facts demonstrating severe and pervasive racial hostility; and (v) that the Court lacks subject-matter jurisdiction over the Plaintiff's state-law claims arising from the interpretation of the collective bargaining agreement. Although the Plaintiff was served by mail at his last known address with a copy of the Defendant's motion, he did not file a response, timely or otherwise. The Plaintiff also has not responded to the Defendant's motion seeking a ruling deeming its summary judgment motion confessed **(# 56)**.

A *pro se* plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, *pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Court cannot grant summary judgment against the Plaintiff simply because he has failed to respond to a motion seeking such relief. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, the Court deems the Plaintiff's failure to respond to be a waiver of the right to

controvert those facts cited by the Defendant. *Id.* The Court then proceeds to accept the facts cited by the Defendant as true and to assess whether, under the applicable legal standards, those facts entitle the Defendant to judgment as a matter of law. *Id.*

Turning first to the Plaintiff's claims that he was denied promotions because of his national origin, and his claim that he was subjected to a racially hostile work environment, the Defendant has contended that those claims are unexhausted. Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action. 42 U.S.C. § 2000e-5(e)(1); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The Defendant has asserted that the Plaintiff failed to include his promotion and hostile work environment claims in his EEOC charge, and the Court treats this assertion as undisputed. Accordingly, the Defendant is correct that the Court lacks subject-matter jurisdiction over these unexhausted claim. However, because the Court lacks jurisdiction over these claims, it cannot grant summary judgment on them; rather, the Court merely dismisses these claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Shikles*, 426 F.3d at 1317-18.

The Defendant concedes that the Plaintiff exhausted his claim that he was terminated because of his national origin, but contends that he cannot show that his termination occurred in circumstances giving rise to an inference of discrimination, nor carry his ultimate burden of showing that the Defendant's proffered reason for his termination is pretextual. *See generally Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004) (reciting elements of Title VII claim). The facts supporting this claim, which the Court treats as undisputed, are that on October 6, 2004, the Defendant was informed that a vending machine in the cafeteria had been damaged. The Defendant conducted an investigation into the incident, and two witnesses identified the

Plaintiff as the culprit. The Defendant twice interviewed the Defendant with regard to the incident, and on both occasions, the Defendant denied culpability. The Defendant concluded that, notwithstanding the Plaintiff's denials, the evidence indicated that he was responsible for the damage to the machine, and that such behavior was a terminable offense. The Defendant has come forward with evidence that, a few months earlier, a non-Hispanic employee had been terminated for vandalizing a vending machine as well. Under these circumstances, the Court finds that the Plaintiff cannot demonstrate that he was treated differently than similarly-situated non-Hispanic employees, and thus, cannot establish any facts that suggest that his termination occurred in circumstances giving rise to an inference of discrimination. *See Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005). Accordingly, the Defendant is entitled to summary judgment on this claim.

Next, the Defendant contends that the Court lacks subject-matter jurisdiction over the Plaintiff's remaining state law claims. Specifically, the Defendant points to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), which provides that "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." The Defendant is correct that Section 301 operates to preempt any state-law claim that requires interpretation or application of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-211 (1985). Accordingly, the Defendant is correct that the Plaintiff's state-law claims are preempted by Section 301.

However, this does not end the inquiry. Section 301 preemption merely converts any state-law claim involving a collective bargaining agreement into a breach of contract-type claim,

to be analyzed under federal law. *Id.*; *see generally Mowry v. United Parcel Service*, 415 F.3d 1149, 1151-52 (10th Cir. 2005). Given the Plaintiff's *pro se* status, and the Court's duty to construe his factual allegations to state any cognizable claim, the Court construes the Plaintiff's claims for breach of contract relating to his termination and his breach of contract claim relating to his pay to be Section 301 claims, and proceeds to analyze them as such.

Turning first to the Plaintiff's claim of that his termination violated the collective bargaining agreement's "just cause" provision, the Court turns to the undisputed facts cited by the Defendant relating to the vending machine incident. Although the Plaintiff denied involvement, there is no evidence to cast doubt upon the statements of two independent witnesses that expressly implicated him in the incident. It is undisputed that the Defendant has previously terminated employees for engaging in similar conduct. Under these circumstances, the Court finds that the Plaintiff cannot establish that he was terminated without just cause, and thus, the Defendant is entitled to summary judgment on his Section 301 claim relating to his termination.

Turning to the Plaintiff's claim of breach of contract relating to his failure to receive pay under the terms of the "old union contract," the Defendant has stated that the collective bargaining agreement between the Defendant and the union representing the Plaintiff contains a grievance procedure that employees must invoke to resolve any dispute over the application of the contract. The Defendant asserts that the Plaintiff has never filed a grievance over his pay rate. Before bringing a Section 301 suit, an employee must exhaust his available contractual remedies, including invoking any grievance and arbitration procedure. *Garvin v. American Tel. & Tel. Co.*, 174 F.3d 1087, 1094 (10th Cir. 1999). Because the Plaintiff has failed to exhaust his contractual

6

remedies with regard to his claim of improper pay, his breach of contract claim relating to his pay is dismissed.

Finally, the Plaintiff asserts a claim for defamation, apparently relating to statements made by the Defendant during the investigation of the vending machine incident or the course of his termination. The Defendant contends that this claim involves interpretation of the collective bargaining agreement as well, and thus, is preempted by Section 301. Although the Court does not necessarily adopt that contention, it need not address the issue because, regardless of how the claim is characterized, the record does not reflect any statements that could be considered defamatory. With regard to this claim, the Defendant has cited to pages 169-172 of the Plaintiff's deposition. In that excerpt, the Plaintiff describes the statements he alleges to be defamatory as being "everything that was said during the grievance hearings, during the interrogations, everything." *Docket* # 55-3 at 21. Pressed to be more specific, the Plaintiff identified "The grievance hearings held October 21st. Mr. Ames's statement. Mr. Lucero's statement." Mr. Frisbee's statement. Mr. Buckles' statement. Statements made by the two employees, Molly Lorentz and Ceira Wardlow," *id.*, but the precise content of these statements is not apparent in the record. Without any showing as to the actual statements alleged to be defamatory, the Court is left with just the Plaintiff's bare assertion that the statements are actionable. This is simply insufficient to carry a defamation-type claim, regardless of how it is characterized.

For the foregoing reasons, the Defendant's Motion for Summary Judgment **(# 54)** is **GRANTED IN PART**, insofar as the Defendant is entitled to summary judgment on the Plaintiff's claim of discriminatory termination under Title VII, his breach of contract claim relating to his termination, and his defamation-type claims; and **DENIED IN PART**, insofar as the Court

lacks subject-matter jurisdiction over any claims for discrimination relating to promotions, a racially-hostile work environment, and claims for breach of the collective bargaining agreement relating to the Plaintiff's pay, and such claims are **DISMISSED** for lack of jurisdiction. The Defendant's Motion for Entry of Judgment **(# 56)** is **DENIED AS MOOT**. The Court will enter judgment in favor of the Defendant contemporaneously with this Order.

Dated this 19th day of February, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge